Tucker, P.
That a plea of the patent would offer no bar to the supersedeas in this case, seems obvious, since it neither presents any answer to the allegation of error, nor operates in avoidance of it. The emanation of a patent, indeed, during the pendency of a caveat, leads necessarily to its dismission, since, after the issue of the patent, the judgment that it shall not issue must be a vain judgment. It goes, therefore, rather to the abatement of the caveat, than to bar the rights of the partios ; and whether the court comes to be informed of the fact by suggestion, which is the usual course, or by plea (which has never been hitherto practised, I believe, as the proceedings in caveat are directed to be without writing) still the operation of the proceeding is merely to terminate the caveat by dismission. But in reference to the supersedeas or writ of error, the fact can have no influence, except to shape fhe eutry of the court in case of a reversal of the judgment. This will be manifest from a few considerations.
If the judgment below is right, then Daggs the defendant in error is entitled to an affirmance of that judgment, which, having been rendered upon the merits, will be final both at law and in equity ; whereas, if the caveal be now dismissed without affirmance, it will be without prejudice to his adversaries’ proceeding in equity, since the dismission must be without prejudice.
If the judgment below is wrong, then if the supersedeas should be dismissed, the judgment will stand in full force, and bar the caveators of all relief in equity, however erroneous it may be; and moreover Wilson’s heirs will have been deprived of their unquestioned right to review and reverse the judgment, by the act of their adversary. This cannot be. The supersedeas, then, must be decided.
The true course then seems to be to proceed to examine the record, and to affirm or reverse, according as the judgment may appear to be right or wrong. If we *686 affirm, there is an end of the matter. If we reverse, then the farther duty devolves upon the court, of pronouncing such judgment as the superiour court should have pronounced; and then, and not till then, the fact of the emanation of the patent will bear upon the proceeding. For, as it did not occur before the judgment, the court below could not dismiss; but as it has since occurred, it renders vain the entry of a judgment for the caveators upon the merits, and an order to the register not to issue a patent to the caveatee. Our entry must then, in this aspect of the case, be to dismiss the caveat without prejudice.
Coming then to the merits, we find not the least difficulty in reversing the judgment. Wilson's entry is prior and regular. That entry was full notice of his prior right to Daggs, and it would have been a fraud in him to obtain a patent to the prejudice of that right. The judgment therefore ought to have been for Wilson's heirs, unless some valid objection can be shewn to it. Accordingly, this is attempted.
It is said that the warrant of Wilson for 200 acres was exhausted before his entry of 1832, by the entry and patent of Patterson, and by the entry of John Wilson junior. But neither of these persons was assignee of the warrant. The law prescribes the mode of assignment, and the case agreed shews that there has been none. Wilson's rights in the warrant then have not been divested by the fraudulent use of it, or pretended use of it, by others.
It is said that Wilson's survey was not returned into the register’s office within the 12 months, and that although the twelve months had not expired when the caveat issued, yet the court, upon the hearing, rightly considered him as having lost his right, and as having inferiour equity to Daggs. This position appears to me altogether erroneous. Waiving the question whether matter ex post facto to the caveat can properly affect the *687 decision of it, it suffices to say, that the failure to return . . . i r ,. the survey, though a good cause of caveat, is no wrfeiture of the rights of the party; for if no caveat be entered before that duty is performed, it is declared that the land shall not bo liable to forfeiture on that account. 1 Rev. Code, ch. 86. § 45. p. 332. Nay more, I incline to think that Wilson's heirs, having caveated the defendant in error, were not bound to return the plat until the termination of the caveat, the statute having allowed six months after the termination of the caveat, for the caveator to return his survey &c. Indeed it would have been a fraud on Hoggs to proceed to get a patent while the caveat was depending; and if the caveators had returned their plat and certificate, the patent must have been issued by the register within nine months. Whether, therefore, Wilson's heirs were liable to be caveated. by any other person, they could not have been caveated by Haggs for that cau'sc, as the default did not exist till after the filing of the caveat.
It is said that there was no necessity for a cross caveat, but that on the caveat of Wilson's heirs themselves, their rights should be adjudged to be forfeited. This is in direct conflict with the act, which declares they shall not be forfeited until another person has caveated.
Upon the whole, the merits seem decidedly with Wilson's heirs. And the defendant having withdrawn his plea at the instance of the court, and rested upon a suggestion of the fact that the patent had issued, and having produced the patent in court, I am of opinion that the judgment should be reversed, and a judgment entered dismissing the caveat, without prejudice to any proceeding which the plaintiffs in error may institute for the vacation of the patent aforesaid.
The judgment of the court of appeals was in the following terms:
“ The court is of opinion that there is error in the judgment of the circuit superiour court of law and *688 chancery, in this, that the law arising upon the facts agreed in the cause was for the caveators. Wherefore it is considered by the court that the said judgment be reversed and annulled, and that the plaintiffs in error recover against the defendant their costs &c. And this court would now proceed to render such judgment as the said circuit superiour court ought to have rendered, but that the defendant in error comes here into court, and gives the court to be informed and understand that after the rendition of the said judgment, and before the award of the supersedeas in this case, a patent hath issued to the said defendant in error, upon producing to the register a copy of the judgment of said circuit superiour court. And said patent being produced here in court, and seen and inspected, and it being admitted to be for the land in controversy, it is adjudged and ordered that the caveat be dismissed, but without prejudice to any suit or proceeding which the plaintiffs in error may institute to vacate the patent aforesaid. And it is further adjudged and ordered that the plaintiffs in error recover against the defendant their costs about the prosecution of their said caveat in the said circuit superiour court.”